**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **DANA JOSEFA CASTRO LOPEZ #A222-613-098** | **CASE NO. 3:26-CV-04561 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# MEMORANDUM ORDER

Before the court is an Emergency Motion for Temporary Restraining Order [doc. 2] filed by immigration detainee Dana Josefa Castro Lopez, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. Petitioner states that she was taken into immigration custody on October 10, 2026, in Tennessee and subsequently transferred to Richwood Correctional Center in Monroe, Louisiana. Doc. 1, p. 6. Her immigration case is calendared for hearing on November 6, 2026. *Id.* Through the instant motion she requests "notice and an opportunity to seek judicial review before a nonemergency transfer outside this District, preservation of relevant records, and continued access to court mail and legal papers." Doc. 2, p. 1.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the

public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Given the high number of habeas petitions pending in this district, petitioner's request would create too great of an administrative burden. Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). Courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Additionally, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243–44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v.*

*Lappin*, 157 F.App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Finally, the court presently has no basis to doubt the petitioner's ability to receive legal mail at the facility where she is housed. Accordingly, **IT IS ORDERED** that the Motion [doc. 2] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**